(133 So. 1)

# Ex parte COPELAND.

## 6 Div. 797.

Supreme Court of Alabama.

March 12, 1931.

London, Yancey & Brower and Al. G. Rives, all of Birmingham, for petitioner.

A. L. King and Vassar L. Allen, both of Birmingham, for respondent.

BROWN, J.

A. L. King sued out an attachment against the petitioner, E. R. Copeland, on the ground that said Copeland was a nonresident of the state, and, as authorized by section 6176, elected to have the attachment issued without giving bond.

The attachment was levied by the sheriff by summoning J. Wiley Logan and Eugene Hawkins, as administrator of the estate of O. C. Sparks, deceased, as garnishee, one of whom answered that he was indebted to the defendant. Thereafter the defendant filed an unconditional appearance in the cause, of

which the clerk failed to give the plaintiff notice as required by the statute. More than three years thereafter defendant filed a motion to dismiss the garnishment and discharge the garnishees, on the ground that the plaintiff had had more than five days' notice of said unqualified appearance, and had failed to file a bond in double the amount of plaintiff's claim within five days after such notice.

On the date of filing the motion to discharge the plaintiff executed with surety, an attachment bond in the amount and conditions as required by the statute, which was filed and approved.

In the time intervening between the unconditional appearance and the filing of the motion to discharge, the cause was transferred to the equity docket, and bill was filed for an accounting between the parties as partners, and demurrers were filed thereto, but no other steps were taken to bring the case to trial.

The motion to discharge the levy coming on to be heard on November 17, 1930, was denied, as appears from the answer to the rule nisi, for the reason that on the 14th day of November, 1930, the plaintiff "executed and filed with the register of said court his bond, in the sum of $4,000.00, with good and sufficient surety, within the time prescribed by law."

This proceeding is brought to review this ruling, and to compel the chancellor to vacate the order denying the motion, and, in the absence of an adequate remedy by appeal, is appropriate to that end. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836.

The pertinent provisions of the statute are: "Should the defendant, before the return day thereof, in person or through his agent or attorney, make an unqualified appearance in the cause, it is the duty of the clerk to issue notice to the plaintiff or his attorney of the fact of such appearance. *Unless within five days after the service of such notice the plaintiff make bond payable to the defendant in double the amount sued for, such levy shall be discharged.*" (Italics supplied.) Code 1923, § 6176.

In the absence of the issuance and service of the prescribed notice, there is no basis for the contention that the failure to give the bond, though the plaintiff had knowledge of the unconditional appearance, ipso facto discharged the levy. No such contention is made, and, by making the motion to discharge, the defendant concedes that an order of the court is necessary.

Construing the provisions of section 6176, as in pari materia with section 6213, which provides: "The attachment law must be liberally construed to advance the manifest intent of the law; and the plaintiff, before or during the trial, must be permitted to amend any defect of form or of substance in the affidavit, bond, or attachment; and no attachment must be dismissed for any defect in the affidavit, if the plaintiff, his agent, or attorney, will make a sufficient affidavit or for any defect in the bond, or for want of a bond, if the plaintiff, his agent, or attorney, is willing to give or substitute a sufficient bond"—the judgment here is that the motion to discharge was properly overruled, and that the writ of mandamus should not issue.

The writ of mandamus is therefore denied, and the petition dismissed.

Writ denied; petition dismissed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.